While I concur in the majority's holding regarding the father's contempt, I cannot agree with the broad statement that a non-party cannot be held in contempt. See Walker v. City ofBirmingham, 279 Ala. 53, 64, 181 So.2d 493, 504 (1965), aff'd. on other grounds, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210
(1967) ("[I]n order to [hold] a person [in] contempt where he is not a party . . ., it must be shown clearly that he had knowledge of the order . . . in such a way that it can be held that he understood it, and with that knowledge committed a willful violation of the order."). In addition, at least one other jurisdiction has held that a minor may be held in contempt for his failure to comply with a visitation order. Inre Marriage of Marshall, 278 Ill. App.3d 1071, 215 Ill.Dec. 599, 607, 663 N.E.2d 1113, 1121 (3 Dist. 1996) (affirming the trial court's holding that minors were in civil contempt, but reversing the trial court's order placing minor in juvenile detention).